**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF MARIN, a California County, | No. C 06-0200 SBA |
| Plaintiff, | |
| v. | **ORDER** |
| | [Docket Nos. 27, 33, 43] |
| MARTHA CO., a California corporation; TOWN OF TIBURON, a California municipality; RUSSELL KEIL, JERRY RIESSEN, MAXWELL DREVER, MARILYN KNIGHT, JOANNA KEMPER, and MARK BEWSHER, individuals, | |
| Defendants. | |
| RUSSELL KEIL, JERRY RIESSEN, MAXWELL DREVER, MARILYN KNIGHT, JOANNA KEMPER, and MARK BEWSHER, individuals, | |
| Counterclaimants, | |
| v. | |
| COUNTY OF MARIN, a California County; MARTHA CO., a California corporation; and TOWN OF TIBURON, a California municipality, | |
| Counterdefendants. | |
| MARTHA CO., a California corporation, | |
| Counterclaimant, | |
| v. | |
| COUNTY OF MARIN, a California County, | |
| Counterdefendant. | |

This matter comes before the Court on Defendant Martha Co.'s ("Martha Co.") Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to FRCP 12(b)(1) and 12(b)(6) [Docket No. 27], and Martha Co.'s Motion to Dismiss Individual Defendants' Counterclaim Pursuant to FRCP 12(b)(1) and 12(b)(6) [Docket No. 33]. Having read and considered the arguments presented by the parties in their papers, the Court finds this matter appropriate for disposition without a hearing. The Court hereby GRANTS Martha Co.'s Motion to Dismiss the First Amended Complaint [Docket No. 27] and GRANTS Martha Co.'s Motion to Dismiss Counterclaim [Docket No. 33].

## **BACKGROUND**

### I.   Facts

Martha Co. is an owner of a 110-acre property located in County of Marin, California, adjacent to Town of Tiburon. On May 14, 1974, defendant County of Marin (the "County") adopted Ordinance No. 2091 (the "Ordinance"), which rezoned 88 acres of Martha Co.'s property to a zoning category that allowed a density of one unit per five acres. The Ordinance also forbade construction on top of, within 300 feet horizontally of, or within 100 feet vertically of, visually prominent ridgelines, whichever was more restrictive, if other suitable locations were available on the proposed cite. First Amended Complaint for Relief from Judgment Pursuant to Federal Rules of Civil Procedure, Rule 60(b) ("FAC"), at ¶ 8. On January 20, 1975, Martha Co. filed a lawsuit against the County in the Northern District of California (before late Judge Schnacke), alleging, *inter alia*, that the Ordinance effected a regulatory taking. *Id.* at ¶ 9. After two years of litigation, on December 28, 1976, the County and Martha Co. entered into a stipulation for entry of judgment, which provided, *inter alia*, that (1) substantial discovery had been completed by both parties to investigate the claims made by plaintiff and the defenses raised by defendant; (2) Martha Co. would be allowed to develop a minimum of 43 single family residential units located on one-half acre lots; (3) the County acknowledged that due to the character of the property and its terrain, there were not sufficient areas suitable for development on the site without utilization of a portion of the property for construction within 300 feet horizontally or within 100 feet vertically of visually prominent ridgelines; (4) the

2

Board of Supervisors, Planning Commission and Planning Department would in good faith consider a proposed rezoning and a development plan or plans for development of additional units on the merits; and (5) the agreement and judgment would run with the land and benefit future owners (the "Judgment"). FAC, Ex. A at ¶¶ 10, 2-4. The Board of Supervisors approved the settlement. FAC at ¶ 11. On December 29, 1976, Judge Schnacke executed the Judgment. *Id.* at ¶ 12.

In 1992, Martha Co. filed an application to develop the property within the jurisdiction of defendant Town of Tiburon (the "Town").[1] A Draft EIR (environmental study) has been prepared, but never completed. In 1999, Martha Co. filed a new project proposal. Another Draft EIR was prepared, but not completed. In 2002, Martha Co. abandoned its development efforts with the Town. *Id*. at ¶ 14 and Ex. E at 2 (minutes of the July 28, 2005 Marin County Planning Commission minutes).

In 2005, Martha Co. filed a development application with the County and invoked the provisions of the Judgment. *Id.* at ¶ 15. The County refused to process the application. FAC, Ex. D (May 31, 2005 letter from Martha Co. to Marin County Community Development Agency). The Town objected to the County processing a development application for the property because the property would require "urban services" from the Town and was within the "sphere of influence" of the Town.[2] *Id*. at ¶ 16.

In addition, Defendants Russell Keil, Jerry Riessen, Maxwell Drever, Marilyn Knight, Joanna Kemper, and Mark Bewsher, who own parcels within 300 feet of the boundary of Martha Co.'s property (the "Property Owners"), have contacted the County, contending that the stipulated judgment between the County and Martha Co. was void because the County entered into the

---

[1] In 1986, the County Planning Director advised Martha Co. via letter that before proceeding with the development, Martha Co. must first attempt to obtain approvals from the Town. Motion to Dismiss Counterclaim ("MTD Counterclaim") at 3. The Court takes judicial notice of the letter which is referenced in paragraph 13 of the First Amended Complaint and attached as Exhibit O to Martha Co.'s Counterclaim.

[2] A "sphere of influence" is a plan for the probable physical boundaries and service area of a local agency as determined by the Local Agency Formation Commission. *Id.*

stipulation and the Court entered the Judgment, without providing them with the required notice and an opportunity to be heard even though their rights were affected.[3] In their letter to the County, the Property Owners claimed that the County violated their due process rights by entering into the stipulated judgment, and threatened to sue. *Id.* at ¶ 17.

On January 11, 2006, the County filed a complaint for declaratory judgment against Martha Co. and Real Parties-in-Interest the Town and the Property Owners. On April 11, 2006, the County filed the First Amended Complaint against Defendants Martha Co., the Town, and the Property Owners.[4] In the First Amended Complaint, the County alleges that "numerous substantial and significant changes in state law as well as relevant facts regarding the development of real property generally as well as [Martha Co.'s] Property in particular, and the proper jurisdiction for such development, has occurred since the 1976 Judgment was entered." *Id.* at ¶ 18. For example, the County alleges that due to certain legal developments, property owners now can have no vested right to choose the jurisdiction in which to pursue development of their property (between the County and the Town). Also, the County alleges that the California Environmental Quality Act (CEQA) "was only beginning to be implemented on a consistent and serious basis by local jurisdictions in 1976. It would thwart the strong public policy of the State of California to allow a development of this magnitude, on extremely environmentally sensitive and constrained land to proceed without the

---

[3] The County published the agenda for the Board of Supervisors' December 28, 1976 meeting, which had the settlement between Martha Co. and the County as one of the items of the agenda. However, Property Owners claim they should have received individual notice. Property Owners' Opposition to MTD Counterclaim at 14.

[4] The parties dispute whether the Property Owners and the Town have been properly joined in this action. The Property Owners and the Town do not object to the joinder; in fact, they concede that such joinder was proper under Federal Rules of Civil Procedure 19 and 20. Martha Co. claims that the Town and the Property Owners are "strangers" to this lawsuit and that their joinder does not create an independent basis of jurisdiction. As discussed below, the Court finds that it has jurisdiction to hear this action as an independent action under Rule 60(b) brought in the same Court as the original lawsuit. Thus, Martha Co.'s jurisdictional argument is mooted. The Court further finds that the Town and the Property Owners were properly joined because they claim interests related to the subject of the action and are so situated that the disposition of the action in their absence may as a practical matter impede their ability to protect those interests and leave the County subject to a substantial risk of incurring inconsistent obligations by reason of the claimed interests. *See* Fed. R. Civ. P. 19(a)(2)(i) and (ii).

4

development and density being subject to CEQA review." *Id*. The County further alleges that by this action it does not seek to relitigate the merits of the claims in the underlying action that resulted in the Judgment. Instead, the County alleges that "it would not be equitable for the Judgment to have prospective effect" in accordance with Federal Rules of Civil Procedure 60(b)(5) and 60(b)(6).

On April 19, 2006, the Property Owners filed a Counterclaim against the County, Martha Co. and the Town, requesting declaratory relief pursuant to 42 U.S.C. section 1983, declaratory relief for the County's violation of state and local notice and hearing requirements when it entered into the stipulated Judgment, declaratory relief that the County illegally contracted away its police powers, and relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4).

On April 25, 2006, Martha Co. filed a Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to FRCP 12(b)(1) and (b)(6) ("MTD") for lack of jurisdiction and failure to state a claim. The County, the Town, and the Property Owners filed separate oppositions to the Motion to Dismiss. On May 12, 2006, Martha Co. filed a Motion to Dismiss Individual Defendants' Counterclaim Pursuant to FRCP 12(b)(1) and (b)(6) ("MTD Counterclaim") for lack of jurisdiction and failure to state a claim.[5]

On June 26, 2006, the Court ordered the parties to provide supplemental briefing whether the County and/or the Property Owners had properly alleged the elements of an independent action under Federal Rule of Civil Procedure 60(b). The Court cited to the following five-part test: (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

---

[5] On June 19, 2006, Martha Co. filed a Counterclaim against the County requesting a declaration that the judgment is valid and enforceable, order directing the County to comply with the judgment, order of civil contempt and for appointment of master, declaratory judgment that project application is deemed complete, and asserting claims for takings, breach of contract, breach of the covenant of good faith and fair dealing, conversion, negligence or fraud, negligent or fraudulent misrepresentation, negligent or fraudulent concealment, and failure to discharge mandatory statutory duty. Martha Co.'s counterclaim is not subject of the instant motions or the Court's ruling on them.

*See United States v. Beggerly*, 524 U.S. 38, 41 (1998) (reciting the Fifth Circuit test). If the parties believed the test cited by the Court did not apply, they were requested to provide the rationale why the test did not apply, including citations to legal authority. On July 3, 2006, the County and the Property Owners filed their supplemental briefs. On July 11, 2006, Martha Co. filed its supplemental brief.

## **LEGAL STANDARD**

### **A.     Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an action for lack of subject matter jurisdiction. "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001). "'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.'" *Id.* (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)).

### **B.     Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if it appears beyond a doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Everest and Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994). The court does not accept as true conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

### **C.     Rule 60(b)**

Rule 60(b) allows a court to set aside a judgment only upon a showing of:

6

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . . This rule does not limit the power of the court to entertain an independent action to relieve a party from a judgment, order or proceeding . . . .

Fed. R. Civ. P. 60(b).

An independent action under Rule 60(b) brought in the same court as the original lawsuit does not require an independent basis for jurisdiction. *United States v. Beggerly*, 524 U.S. 38, 47 (1998). Such an action is "available only to prevent a grave miscarriage of justice." *Id.* It is "reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *Id.* at 46. The independent action sounds in equity.

## ANALYSIS

**A.   Motion to Dismiss First Amended Complaint**

**(i)   Jurisdiction**

The County brings this action as an independent action for relief from judgment under Rule 60(b). The County maintains that under the Supreme Court's opinion in *Beggerly*, this Court has jurisdiction to hear the action. In response, Martha Co. claims that this Court has no jurisdiction over this independent action. Martha Co. further asserts that *Beggerly* does not hold that independent jurisdictional basis is unnecessary to support a Rule 60(b) independent action. Martha Co. is wrong.

In *Beggerly*, the plaintiffs filed an independent action to set aside a 12-year-old stipulated judgment because they found some documents that supported their claim which the Government had in its possession but failed to produce during the initial litigation. 524 U.S. at 39-40. Plaintiffs based their claims for relief, *inter alia*, on the court's ancillary jurisdiction, relating back to the initial

litigation that was settled. *Id.* The district court dismissed the complaint, concluding that it was without jurisdiction to hear the suit. The Fifth Circuit reversed, concluding that there were two jurisdictional bases for the suit. One of the bases was that the suit was brought as an independent action under Rule 60(b). After evaluating the case under the elements of an independent action, the Fifth Circuit held that the settlement agreement could be set aside. The Government appealed the Fifth Circuit decision. It maintained that the Fifth Circuit erred, because an independent action under Rule 60(b) must be supported by an independent source of jurisdiction. *Id*. at 42. The Supreme Court disagreed: "We think the Government's position is inconsistent with the history and language of Rule 60(b)." *Id*. The Court then discussed the history of Rule 60(b) and concluded: "The Government is therefore wrong to suggest that an independent action brought in the same court as the original lawsuit requires an independent basis for jurisdiction." *Id*. at 46. Here, likewise, an independent action under Rule 60(b) brought in the same court as the original lawsuit does not require an independent basis for jurisdiction. Accordingly, the Court finds that it has jurisdiction to hear the suit.[6]

**(ii)     Whether the County Properly Pled an Independent Action under Rule 60(b)**

*(a)     Standard for Pleading*

Martha Co. next claims that the County has not pleaded an independent action under Rule 60(b). In their supplemental briefs on this issue, the County and the Property Owners argue that the five-part test recited by this Court in its Order applies only to judgments at law, and does not apply to

---

[6] To the extent, Martha Co. cites any other authorities for its position on this issue, they all pre-date *Beggerly*.

Martha Co. also argues that the Court lacks jurisdiction over the Property Owners and the Town's claims, because this suit is collusive. Martha Co. claims that Plaintiff County and Defendants Property Owners and Town are not adversaries, because all of them seek to overturn the 1976 Judgment. However, Martha Co. does not dispute that there is a real controversy between itself and the County. It has not directed the Court to any authorities to support its proposition that a suit is collusive where there is a real dispute between some, but not all, parties.

8

independent actions under Rule 60(b) to modify or revoke consent decrees.[7]  Property Owners' Brief at 2-3; County's Brief at 1, 3.  Neither party cites any authority for the distinction.

Instead, the County and the Property Owners urge the Court to apply the "traditional flexible standard for modification of consent decrees" under Rule 60(b)(5) set out in *Rufo v. Inmates of the Suffolk County Jail*, 502 U.S. 367, 379-80 (1992).[8]  *Rufo* involved a consent decree originally entered to correct unconstitutional conditions at a local county jail.  The consent decree required construction of a new jail, including single cells, to replace an older, neglected one.  While the new jail was still under construction, the county sheriff moved to modify the consent decree to allow double bunking of male detainees, arguing that changes in law (a Supreme Court decision) and in fact (prison overcrowding) required a modification of the consent decree.  The Supreme Court held that "a district court should exercise flexibility in considering requests for modification of an institutional reform consent decree."  *Rufo*, 502 U.S. at 383.

Martha Co. argues that *Rufo*'s more liberal standard applies only to Rule 60(b)(5) motions, and not Rule 60(b) independent actions.  The Court agrees.  First, *Rufo* was decided prior to the Supreme Court's decision in *Beggerly*.  While *Rufo* dealt with Rule 60(b)(5) motions, *Beggerly* squarely addressed the standard for pleading Rule 60(b) independent actions.  *Beggerly*, 524 U.S. at 46.  In *Beggerly*, the Supreme Court did not make a distinction between independent actions involving consent decrees and those challenging judgments at law.  If the Supreme Court had

---

[7]  The Property Owners and the County argue that the stipulated Judgment between the County and Martha Co. was in fact a consent decree.  *See* Property Owners' Brief at 2 n. 3; County's Brief at 1.  In response, Martha Co. asserts that the Judgment was not a consent decree, because the "hallmark of the customary 'consent decree' is ongoing court supervision."  Reply Brief at 7.  Martha Co. does not cite any authority for this proposition. A distinction between a consent decree and a stipulated judgment is a distinction without a difference for the purposes of the instant motions.  *See Anita's New Mexico Style Mexican Food, Inc. v. Anita's Mexican Foods Corp*., 201 F.3d 314, 319 (4th Cir. 2000) (a stipulated judgment is analogous to a consent decree); *California State Auto Assn. Inter.-Ins. Bureau v. Superior Court* (1990) 50 Cal.3d 658, 663 ("In a stipulated judgment, or consent decree, litigants voluntarily terminate a lawsuit by assenting to specified terms, which the court agrees to enforce as judgment.").

[8]  The Town also argues that the Court should apply the standard governing motions for relief from judgment under Rule 60(b)(5) where it is no longer equitable that a judgment should have prospective application, rather than an independent action test.  Town's Opposition to MTD at 17.

9

1 intended such a distinction, it would have made one. Instead, *Beggerly* makes no mention of *Rufo*,
2 and has no limiting language of any kind with respect to the independent actions. Furthermore, even
3 though eight years have passed since *Beggerly* came down, not a single court attempted to reconcile
4 *Rufo* and *Beggerly* in a way that the Property Owners and the County would like this Court to do,
5 and only one court mentioned both *Rufo* and *Beggerly* in the same opinion. *See Charter Tp. of*
6 *Muskegon v. City of Muskegon*, 303 F.3d 755 (6th Cir. 2002) (citing *Beggerly* as the correct standard
7 for Rule 60(b) independent actions, and mentioning *Rufo* in passing in relation to a jurisdictional
8 question).

9       Second, there are important procedural differences between a Rule 60(b)(5) motion and a
10 Rule 60(b) independent action. The Advisory Committee Notes for Rule 60, cited with approval by
11 the Supreme Court in *Beggerly*, state: "In each case there is a limit upon the time within which resort
12 to a motion is permitted, and this time limit may not be enlarged under Rule 6(b). If the right to
13 make a motion is lost by the expiration of the time limits fixed in these rules, the only other
14 procedural remedy is by a new or independent action to set aside a judgment upon those principles
15 which have heretofore been applied in such an action." Fed. R. Civ. P. 60, Advisory Committee
16 Notes. *See also Crosby v. Mills*, 413 F.2d 1273, 1276 (10th Cir. 1969). Rule 60(b) provides that a
17 motion under subsection (5) must be made within a reasonable time. The reasonable time is not
18 defined. Here, 30 years have passed since the original judgment. By any standards, 30 years do not
19 constitute a reasonable time. Thus, it is no surprise that the County chose to file an independent
20 action rather than a motion.[9] However, having chosen to do so, it cannot avoid a test that is
21 applicable to independent actions by arguing that its action is in fact a Rule 60(b)(5) motion.
22 Moreover, Rule 60(b) *motions* may be brought only by a party to the underlying action, whereas

---

[9] Martha Co. claims that during meet and confer sessions, it repeatedly urged the County to file a Rule 60(b) motion in late Judge Schnacke's case rather than an independent action. The County has refused. Martha Co.'s Reply in Support of MTD at 12; Declaration of Gordon D. McAuley at 2. Martha Co. argues that the County did it for strategical reasons, because it wanted to join defendants Property Owners and Defendant Town. Martha Co. argues that having filed three motions to dismiss, first the original complaint, later the amended complaint, and finally the counterclaim, it has now been prejudiced by the County's choice of filing an independent action rather than a motion.

10

*independent actions* may be brought by non-parties. *See Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 222 (4th Cir. 1999) ("Unlike a motion for relief under Rule 60(b)–which may be brought only by, or on behalf of, a party to the action that generated the contested judgment–an 'independent action' under Rule 60(b) may be brought by one who was not a party to the original action."). Here, while the action has been brought by the County, a party to the underlying action, the County sought to join the Town and the Property Owners, and it could do so only by filing an independent action, rather than a motion.

Third, applying the *Rufo* standard to the instant independent action is inconsistent with and will subvert the Supreme Court's admonition in *Beggerly* that "[i]ndependent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those case of 'injustices, which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." *Id*. at 46. The standard for Rule 60(b)(5) motions is much less demanding than that for the independent action and cannot be reconciled with *Beggerly*. Specifically, relief under Rule 60(b)(5) is appropriate if there is a significant change in facts or law that warrants revising or vacating the stipulated decree and the proposed modification must be suitably tailored to the changed circumstance. *See Rufo*, 502 U.S. at 382-384.[10]

Finally, in the stipulated Judgment entered in the underlying litigation, Judge Schnacke did not retain jurisdiction over the enforcement of judgment. The judgment provided that it would run with the land and benefit the heirs and executors of both the County and Martha Co. No court supervision was contemplated. The rationale of *Rufo* is thus not applicable here. *See Rufo*, 502 U.S. at 380-81 ("The upsurge in institutional reform litigation since *Brown v. Board of Education*, 347 U.S. 483 (1954), has made the ability of a district court to modify a decree in response to changed circumstances all the more important. Because such decrees often remain in place for extended periods of time, the likelihood of significant changes occurring during the life of the decree is

---

[10] Also, the County, the Town and the Property Owners rely on *Beggerly* when arguing that this Court has jurisdiction over their action. It is disingenuous to then say that *Beggerly* does not apply to their action.

11

increased. . . . [A] flexible approach is often essential to achieving the goals of reform litigation. . . . [T]he public interest is a particularly significant reason for applying a flexible modification standard in institutional reform litigation because such decrees 'reach beyond the parties involved directly in the suit and impact on the public's right to the sound and efficient operation of its institutions.'") (internal citations omitted).[11]  Accordingly, the Court finds that the "grave miscarriage of justice" standard set out in *Beggerly* applies to this Rule 60(b) independent action.[12]

### (b) Application of the Standard to the County's Complaint

In *Beggerly*, the plaintiffs filed an independent action to set aside a 12-year-old stipulated judgment because they found certain documents supporting their claim to the land.  The Government had the documents in its possession but failed to produce them during the underlying litigation.  The Fifth Circuit vacated the settlement agreement finding that "'the United States has no legitimate claim to the land [and that] the validity of the Beggerly's title is a legal certainty.'" 524 U.S. at 42.  The Supreme Court reversed, finding that plaintiffs had not met the requirements for a meritorious independent action under Rule 60(b), *i.e.*, that the injustice committed, if any, was not "sufficiently

---

[11] Martha Co. also argues that *Rufo* applies only to consent decrees involving institutional reform litigation.  Martha Co.'s Brief at 7.  Martha Co. is incorrect.  Some Courts of Appeals have indeed interpreted *Rufo* to apply only to institutional reform litigation. *See W.L. Gore & Associates, Inc. v. C.R. Bard, Inc.*, 977 F.2d 558, 562 (Fed. Cir. 1992); *Shakman v. City of Chicago*, 426 F.3d 925, 934 (7th Cir. 2005) ("Institutional reform litigation, and consent decrees attendant to that litigation, involve considerations of public interest and federalism that are not present in the run-of-the-mill civil case."). However, the Ninth Circuit sided with the other Courts of Appeals in finding that *Rufo* sets forth a general, flexible standard for all petitions brought under Rule 60(b)(5), not limited to institutional reform cases. *See Bellevue Manor Associates v. U.S.*, 165 F.3d 1249, 1255 (9th Cir. 1999). However, while in the Ninth Circuit, Rufo applies to all motions brought under Rule 60(b)(5), the Court is not persuaded that it also applies to the independent actions as well.

[12] The parties dispute whether the five-part test used by the Fifth Circuit and recited by the Supreme Court in *Beggerly* applies to the independent actions.  The County and the Property Owners argue that the Supreme Court has not endorsed the test in *Beggerly*, and that the Ninth Circuit has not adopted it. Martha Co. argues that the Supreme Court added an additional element to the test – a grave miscarriage of justice.  Courts have applied the five-part test following *Beggerly*. *See Sieverding v. American Bar Ass'n*, – F.Supp.2d –, 2006 WL 1982481 (D.D.C. July 17, 2006); *Hess v. Cockrell*, 281 F.3d 212 (5th Cir. 2002); *Holt v. U.S.*, 221 F.R.D. 485, 488 (E.D. Wis. 2004). Because the Ninth Circuit has not addressed the issue, and the Supreme Court has neither endorsed nor criticized the test, this Court does not express an opinion whether or not the test applies to the independent actions under Rule 60(b), and instead analyzes the action under the "grave miscarriage of justice" standard.

12

gross." *Id.* at 46. As an example of a case involving a "sufficiently gross" injustice, the Court pointed to *Marshall v. Holmes*, 141 U.S. 589 (1891), in which the plaintiff alleged that judgment had been taken against her in the underlying action as a result of a forged document.

In this case, the County has failed to show that a "grave miscarriage of justice" will take place if its independent action to set aside the stipulated Judgment is not allowed. The County alleges that Martha Co. should have applied for a permit to develop the land earlier. Because 30 years have passed and laws have changed, the County argues such a development would be manifestly unjust. The standard proposed by the County would make a lot of judgments vulnerable to attack by way of Rule 60(b) independent action mechanism, because the laws have developed in the last 30 years in many areas, and particularly in the area of environmental law. Furthermore, the County alleges that the environmental laws currently in effect have already begun to be implemented on a "consistent and serious basis" at the time it entered into the stipulated judgment. Complaint, ¶ 18. Even though the County could foresee the general direction of the environmental laws, it nevertheless entered into the stipulated Judgment. Finally, the County has not directed this Court to any cases that found the post-judgment changes in law amounting to "a grave miscarriage of justice."

Because the County has not alleged a "grave miscarriage of justice" under *Beggerly*, the Court GRANTS Martha Co.'s Motion to Dismiss First Amended Complaint.

### B. Motion to Dismiss Counterclaim

#### (i) Application of *Beggerly* Standard to the Counterclaim

In their Counterclaim, Property Owners assert a counterclaim for relief from judgment under Rule 60(b)(4). Rule 60(b)(4) applies only to motions. Because Rule 60(b) motions may be brought only by a party to the underlying action, whereas independent actions may be brought by non-parties, *see Morrel*, 188 F.3d at 222, and the Property Owners were not parties to the underlying litigation, the Court construes this counterclaim under the independent action provision of Rule 60(b) and analyzes it under *Beggerly*'s grave miscarriage of justice standard.

13

Property Owners claim that they have alleged a grave miscarriage of justice under *Beggerly* because they did not receive a notice and opportunity to be heard with respect to the Judgment. However, they have not shown an entitlement to notice and hearing in relation to the stipulated Judgment based on the fact that their properties are located within 300-feet of the boundary of Martha Co.'s property. In addition, even if they had such an entitlement, they have not established that they could have prevented the County from entering into the settlement agreement with Martha Co. Even if they received notice and appeared at the hearing, the Board of Supervisors had discretion to disregard their objections to settlement. In *Beggerly*, the documents the Government failed to produce to the plaintiffs were so important that the Fifth Circuit found plaintiffs' entitlement to the land "a legal certainty," and nevertheless, the Supreme Court held that the plaintiffs failed to allege a grave miscarriage of justice. Here, the Board of Supervisors approved the settlement at a regular meeting. There are no allegations that some Board members personally profited from such a settlement, or that a settlement was reached on the basis of forged documents. Finally, the Property Owners have not cited any cases which would support a proposition that a failure to provide notice and a hearing to property owners within 300-feet is sufficient to allege a grave miscarriage of justice.[13] Because the Court finds that the Property Owners have not alleged a "grave miscarriage of justice," Martha Co.'s Motion to Dismiss Counterclaim as to the Property Owners' counterclaim under Rule 60(b) is GRANTED.

**(ii)     42 U.S.C. Section 1983 Counterclaim**

The Property Owners also filed a counterclaim under 42 U.S.C. section 1983 for violation of their due process rights. Martha Co. argues that Property Owners have failed to allege a cause of

---

[13] The Property Owners point to *Van't Rood v. County of Santa Clara* (2003) 113 Cal.App.4th 549, 570, 578, in support of their claim. However, that case made no mention of Rule 60(b) or the *Beggerly*'s 'grave miscarriage of justice" standard. Instead, it was decided under provisions of the Subdivision Map Act which authorized landowners to petition to exclude their property from a subdivision map. In order to be entitled to relief under that Act, petitioners only needed to produce to the court satisfactory evidence of the necessity of the exclusion and that there was no reasonable objection to making such an exclusion. Petitioners brought the proceeding on the ground that the map was invalid. The appellate court found that petitioners have satisfied the standard under the Act. *Van't Rood* is both factually and legally distinguishable.

action under 42 U.S.C. section 1983. Specifically, Martha Co. maintains that: (1) their claim is time-barred; (2) they failed to identify a federally-protected right of which they were deprived; and (3) they failed to allege that the County's conduct was under color of law.

Martha Co. argues that the Property Owners' section 1983 claim is time-barred because they allege that they first learned of the Judgment ten years ago, in 1996. *See* MTD Counterclaim at 9; *see also* Reply in Support of MTD Counterclaim at 12; Counterclaim at ¶ 10. Because the statute of limitations for section 1983 claims was one year in 1996, Property Owners' claim lapsed no later than 1997.

The Property Owners respond that the statute of limitations does not run against void judgments. Opposition to MTD Counterclaim at 12. Specifically, they argue that their section 1983 claim is timely because it seeks a declaration that the judgment is void as it was entered without providing them due process of law. The statute of limitations for section 1983 actions is derived from state law. *Wilson v. Garcia*, 471 U.S. 261 (1985), *superseded by statute on other grounds, as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 377-78 (2004). The Property Owners assert that in California, when a judgment is void because the court lacked subject matter jurisdiction or exceeded its jurisdiction in granting relief which the court had no power to grant, the judgment may be attacked at any time. Opposition to MTD Counterclaim at 12-13. They are essentially arguing that where the section 1983 claim involves a void judgment, it does not have a statute of limitations.

The Property Owners are wrong. In *Wilson v. Garcia*, the Supreme Court held that the limitations period for section 1983 cases is derived from state law, *and* that it is derived from the state statute of limitations governing personal injury actions. 471 U.S. 261. In holding that the state statute of limitations for personal injury actions is the most appropriate statute of limitations for all section 1983 claims, the Supreme Court explained that constitutional claims that have been alleged under section 1983 have encompassed numerous and diverse topics. "If the choice of the statute of limitations were to depend upon the particular facts or the precise legal theory of each claim, counsel

15

1  could almost always argue, with considerable force, that two or more periods of limitations should
2  apply to each section 1983 claim. Moreover, under such an approach . . . multiple periods of
3  limitations would often apply to the same claim." *Wilson*, 471 U.S. at 273-274. The Supreme Court
4  concluded that the federal interests in uniformity, certainty, and the minimization of unnecessary
5  litigation all supported the conclusion that each state should have one statute of limitations for all of
6  the section 1983 claims. *Id.*

7  In 1996, the California statute of limitations for personal injury actions, and thus section
8  1983 claims, was one year.[14] The Property Owners cannot avoid this limitation by arguing that the
9  relief they request for their section 1983 claim – a declaration that the judgment is void – is different
10 than the relief in other section 1983 claims. The cases that Property Owners cite for their
11 proposition that when a judgment is void, it may be attacked at any time, are not to the opposite.
12 Those cases hold that independent actions under Rule 60(b) can be brought at any time, not section
13 1983 claims. Further, Property Owners do not allege that this court did not have jurisdiction to hear
14 this claim or exceeded its jurisdiction in entering the judgment. They only allege that the County
15 (not the Court) acted inconsistent with their due process rights.

16 Alternatively, Property Owners argue that their cause of action did not accrue until Martha
17 Co. attempted to enforce the 1976 Judgment in April 2005, when it filed a development application
18 with the County. Martha Co. responds that the proper focus in statute of limitations inquiries is
19 upon the time of the County's allegedly illegal act of entering into the stipulated settlement without
20 providing Property Owners notice, not upon the time when the consequences of the settlement
21 became most painful. *See Stanley v. Trustees of California State University*, 433 F.3d 1129, 1136
22 (9th Cir. 2006) (holding that a proper focus in a claim accrual analysis is upon the time of
23 defendant's illegal acts, not upon the time when the consequences of the acts became most painful).
24 Martha Co. argues that the Property Owners learned of the stipulated judgment and the fact that the
25 County failed to provide them notice of the settlement in 1996. That is when the Property Owners'

---

[14] In 2003, California has changed the period to two years.

16

1 claim has accrued. Martha Co.'s application for development of the property in April 2005 was
2 simply the time when the consequences of the County's failure to provide notice and of the
3 settlement "became most painful." Reply in Support of MTD Counterclaim at 13. The Court agrees
4 with Martha Co., and finds that the claim has accrued in 1996 when the Property Owners became
5 aware of the stipulated Judgment and the fact that they were not given notice of the settlement
6 between Martha Co. and the County. Property Owners' claim that they had no reason to know that
7 the judgment would have a serious impact on their property interests until April 2005 is
8 disingenuous. Martha Co. was obviously trying to develop the property in 1996. That it applied for
9 the development to the Town, rather than the County, is not relevant here. There was a judgment.
10 The terms of the judgment were clear: the right to develop at least 43 units. Martha Co. was trying
11 to develop the land. The alleged injury to Property Owners stems not from the enforcement of the
12 judgment, but from the County's failure to provide notice to Property Owners and an opportunity to
13 be heard.
14   Finally, the Property Owners argue that the statute of limitations should be equitably tolled
15 because the County failed to provide the legally required notice of the settlement terms to those
16 whose property interest would be significantly affected by the stipulated settlement, thus making it
17 impossible for these property owners to file a due process claim within the statutory period.
18 Property Owners rely on *Seattle Audubon Soc'y v. Robertson*, 931 F.2d 590, 595 (9th Cir. 1991), for
19 the proposition that equitable tolling is appropriate when extraordinary circumstances beyond
20 plaintiffs' control made it impossible to file the claims on time. While this proposition is an accurate
21 statement of the law, it is not applicable here. Taking as true Property Owners' allegation that they
22 were not aware of the settlement until 1996, there is no reason to equitably toll the statute of
23 limitations after 1996, because the Property Owners fail to allege what "extraordinary
24 circumstances" beyond their control existed in 1996 that made it impossible for them to file their
25 claim on time. Accordingly, the Court finds that the Property Owners' section 1983 counterclaim is

barred by the statute of limitations.[15]

### (iii) Property Owners' State Counterclaims

Because the Court dismisses the Property Owners' federal counterclaims, it declines to exercise jurisdiction over their state counterclaims.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED THAT Martha Co.'s Motion to Dismiss the First Amended Complaint and Motion to Dismiss Counterclaim are GRANTED.

IT IS FURTHER ORDERED THAT the Town's Request for Judicial Notice is DENIED as moot.[16]

IT IS FURTHER ORDERED THAT the Case Management Conference ("CMC") is scheduled for **October 4, 2006 at 2:45 p.m**.[17]  The parties shall appear for the CMC by telephone. The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than **September 27, 2006.**  Counsel for Martha Co. shall be responsible for filing the Case Management Conference Statement.  Counsel for Martha Co. shall set up the conference call with all the parties on the line and call Chambers at (510) 637-3559 at the time designated above.

---

[15] Because the Court finds that the Property Owners' section 1983 claim is time-barred, the Court does not address Martha Co.'s alternative arguments that Property Owners failed to allege a federally-protected interest and that the County's actions were under color of law.

[16] In its ruling, the Court has not relied on documents which the Town requested the Court to judicially notice.

[17] The remaining issue in the action is Martha Co.'s First Amended Counterclaim against the County of Marin, filed July 10, 2006.  The Counterclaim was not part of the instant motions.  In their CMC Statement, the parties shall advise the Court how they would like to proceed with respect to the Counterclaim.  Should Martha Co. choose to dismiss the Counterclaim, the Court will vacate the CMC and close the action.

18

IT IS SO ORDERED.

Dated: 9/8/06

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge