UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF MARIN, a California County,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MARTHA CO., a California Corporation,<br><br>　　　　Defendants. | No. C06-0200 SBA (BZ)<br><br>**REPORT AND RECOMMENDATION TO DENY PROPERTY OWNERS' REQUEST FOR LEAVE TO FILE A BRIEF *AMICUS CURIAE*** |

　　By Order dated February 12, 2007, the Honorable Saundra Brown Armstrong referred to me for report and recommendation Martha Company's motion to show cause why the County of Marin should not be held in contempt of court, and all related motions.  Pending before Judge Armstrong at the time was a motion for leave to file a brief *amicus curiae* filed by six individuals who own property adjacent to the property Martha seeks to develop.  The property owners style their brief as one in opposition to Martha's motion for contempt.

　　"It is well-settled that a trial court may, in the exercise of its discretion, permit the filing of an *amicus*

1

*curiae* brief." <u>The Warehouse Restaurant, Inc., et al. v. The Customs House Restaurant</u>, 1982 U.S. Dist. LEXIS 17556, 2 (N.D. Cal. 1982). An *amicus curiae* is not a party to the action, but merely a "friend of the court," one whose function is to advise or to make suggestions to the court. <u>Miller-Wohl Co., v. Comm'r. of Labor and Indus. of Mont.</u>, 694 F.2d 203, 204 (9th Cir. 1982). Moreover, an *amicus* may not assume the functions of a party, nor may it initiate, create, extend, or enlarge the issues. <u>United States v. Alkaabi</u>, 223 F. Supp. 2d 583, 593 (D.N.J. 2002).

Here, the property owners were named as defendants in the underlying suit, and pursued a counterclaim against Martha. The claims by and against the owners were dismissed, but no final judgment has been issued. Nor has Judge Armstrong expressly directed entry of judgment against the owners. <u>See</u> Fed. R. Civ. P. 54(b). Judge Armstrong's Order granting Martha's motions to dismiss is subject to revision prior to entry of judgment and therefore did not terminate the action as to the owners. <u>See</u> <u>id.</u> As the property owners technically are still parties to the action, I recommend that they not be allowed to function as "friends of the court."

Even if the property owners were not parties, the recommendation would be the same. The only argument unique to their *amicus* brief – that the 1976 judgment is void *ab initio* – raises issues that were rejected by Judge Armstrong as untimely. Neither Martha nor the County dispute the underlying validity of the judgment. Moreover, as a nonparty *amicus* the owners would likely not be bound by a decision on

the issues presently before the Court.  <u>Kerr-McGee Chem. Corp. v. Hartigan</u>, 816 F.2d 1177, 1181 (7th Cir. 1987).  I am persuaded that the property owners' attempt to relitigate an issue which the County and Martha do not dispute, and to influence the Court's decision while avoiding the binding force of any resulting order, enlarges the disputed issues and constitutes shadow litigation that should be avoided.

For these reasons, I recommend that the property owners' request for leave to file a brief *amicus curiae* be **DENIED**.

Dated: March 5, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\COUNTY OF MARIN\REP.RECOM.DENY.AMICUS.2.wpd