1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**

9        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11   COUNTY OF MARIN, a California            No. C 06 0200 SBA
     County,
12                        Plaintiff,
                                              **JUDGMENT PURSUANT TO STIPULATION**
           v.
13
     MARTHA CO., a California corporation;
14   TOWN OF TIBURON, a California
     municipality; RUSSELL KEIL; JERRY
15   RIESSEN; MAXWELL DREVER;
     MARILYN KNIGHT; JOANNA
16   KEMPER; and MARK BEWSHER,
     individuals,
17                        Defendants.

18   RUSSELL KEIL; JERRY RIESSEN;
     MAXWELL DREVER; MARILYN
19   KNIGHT; JOANNA KEMPER; and
     MARK BEWSHER, individuals,
20
                         Counterclaimants,
21         v.

22   COUNTY OF MARIN, a California
     County; MARTHA CO., a California
23   corporation; and TOWN OF TIBURON, a
     California municipality,
24                        Counterdefendants.

25   MARTHA CO., a California corporation,

26                       Counterclaimant,
           v.
27   COUNTY OF MARIN, a California
     County,
28                       Counterdefendant.

[PROPOSED] JUDGMENT

1376449.1

IT IS ADJUDGED, DECREED AND ORDERED that, pursuant to the Stipulation for Entry of Judgment Creating Timeline and Procedures for Enforcing Judgment Entered in *Martha Co. v. County of Marin,* No. C 75 0125, ("Stipulation for Entry of Judgment") between Plaintiff County of Marin ("County") and Defendant Martha Co. ("Martha"), judgment is entered as follows:

## BACKGROUND

Martha is the owner of Marin Assessor Parcel No. 59-251-05, consisting of approximately one hundred ten (110) acres of land on the Tiburon Peninsula in unincorporated Marin County ("Martha Property").  The County of Marin is a governmental entity duly organized and existing under the laws of the State of California as a county.

On January 20, 1975, Martha filed suit against the County, alleging a taking of the Martha Property as a result of:  (i) the County's adoption of its 1973 Marin Countywide Plan designating a substantial portion of the Martha Property as Ridge and Upland Greenbelt; and (ii) the County's 1974 down-zoning of the Martha Property from a maximum development potential of three to four hundred units down to development density of twenty-seven (27) residential units, with a possible bonus of seven (7) units, for a maximum density of thirty-four (34) units.

On December 29, 1976, the United Stated District Court for the Northern District of California, the Honorable Robert H. Schnacke, entered Judgment Pursuant to Stipulation in the matter of *Martha Co. v. County of Marin*, No. C 75 0125 RHS ("1976 Judgment," Exhibit A hereto).  Such 1976 Judgment was entered pursuant to a Stipulation for Entry of Judgment, also filed on December 29, 1976.

On April 19, 2005, Martha submitted to the County of Marin an application for approval of a Master Plan, Precise Development Plan, and Vesting Tentative Map seeking approval of forty residential lots ("2005 Application").  The County declined to accept the 2005 Application for processing at that time.

On January 11, 2006, the County of Marin filed its Complaint for Declaratory Judgment in the above-captioned matter, and on April 11, 2006, the County filed its First Amended Complaint ( "Complaint") seeking a declaration that the 1976 Judgment should no longer have

- 1 -

[PROPOSED] JUDGMENT

1376449.1

1  prospective application and seeking a declaration of the rights of the Town of Tiburon and six

2  named individuals:   Russell Keil, Jerry Riessen, Maxwell Drever, Marilyn Knight, Joanna

3  Kemper, and Mark Bewsher ("Individual Counterclaimants").

4       On April 19, 2006, the Individual Counterclaimants filed a Counterclaim to the County's

5  Complaint, also seeking a declaration that the 1976 Judgment was void and unenforceable and

6  seeking an injunction prohibiting the County and Martha from taking any action to implement the

7  1976 Judgment.

8       On September 8, 2006, this Court entered its Order dismissing both the County's

9  Complaint and the Individual Counterclaimants' Counterclaim and denying as moot a Request for

10  Judicial Notice which had been filed by the Town of Tiburon.  However, the County continued to

11  decline to process the 2005 Application, and litigation between the County and Martha therefore

12  continued.

13                    **ENFORCEMENT OF 1976 JUDGMENT**

14       Based upon the above-referenced rulings of the Court, the County acknowledges that it

15  must process a subdivision map in conformance with the 1976 Judgment.  Therefore the parties

16  have settled all litigation between them by creating a timeline and procedures for enforcing the

17  1976 Judgment, and this Court implements such settlement by ordering and decreeing as follows:

18       1.    Retention of Jurisdiction.  This Court shall retain continuing jurisdiction to enforce

19  both this Judgment and the 1976 Judgment, provided, however, that any dispute arising hereunder

20  shall first be presented to a Magistrate Judge, with a right of reconsideration by either party to this

21  Court.

22       2.    1976 Judgment.

23            2a.    Right to 43 Homes.  Pursuant to the 1976 Judgment, the County is required

24  to approve forty-three (43) homesites on the Martha Property unless the parties subsequently

25  agree otherwise in writing.

26            2b.    Minimum Half-Acre Lots.  Pursuant to the 1976 Judgment, each of the 43

27  lots to be approved by the County shall be at least one-half acre in size unless the parties

28  subsequently agree otherwise in writing.  These lots are intended to be placed on geologically

- 2 -

safe portions of the site, without the necessity for extensive landslide repair, rather than in the path of known landslides.  If the parties cannot agree whether any required landslide repair is unreasonably extensive under the circumstances, the parties may petition this Court for binding instructions.

        2c.    <u>Lots within the Ridge and Upland Greenbelt</u>.  In conformance with the 1976 Judgment, the County shall allow some development within the Ridge and Upland Greenbelt.

      3.    <u>Revised Scope of Application</u>.  Martha intends to revise its 2005 Application to request approval of a forty-three (43) unit subdivision map as required to be approved under the 1976 Judgment ("2007 Application"), to remove its request that the map be a "Vesting" Tentative Map, and to file such 2007 Application with the Marin County Community Development Agency.

      4.    <u>Action Required by County to Implement the 1976 Judgment</u>.

        4a.    <u>Action on 2007 Application</u>.  The County shall procure a full scope Environmental Impact Report ("EIR") for the project.  The County shall take final action to certify a final Environmental Impact Report ("EIR") in conformity with the California Environmental Quality Act, Cal. Public Resources Code §§ 21000 *et seq*. and to act on the 2007 Application within fourteen months of the date on which the 2007 Application is filed.

        4b.    <u>Legal Infeasibility of Any Alternative or Mitigation Measure Inconsistent with the 1976 Judgment</u>.  The County has acknowledged that any development alternative, or any proposed mitigation measure, which does not accord Martha all rights to which it is entitled under the 1976 Judgment is legally infeasible unless required to assure health or safety.  Should the parties disagree as to what measures or alternatives are required to ensure "health or safety," the parties shall jointly petition this Court for binding instructions which implement the 1976 Judgment and this Judgment to the greatest extent feasible consistent with health and safety.

        4c.    <u>Protected Species</u>.  Notwithstanding the foregoing, it is not the parties' intent to allow the unmitigated taking of any endangered, threatened, listed, or otherwise protected species identified in the extensive environmental reviews previously prepared for the

- 3 -

Martha Property by the Town of Tiburon ("Identified Species").  If the parties cannot agree on adequate mitigation measures concerning Identified Species, the parties shall jointly petition this Court for binding instructions concerning the adequacy of such mitigation.

4d.　　Assumption of Responsibility for Affordable Housing.  In light of the fact that no affordable housing requirements existed at the time of the 1976 Judgment, any affordable housing requirement or other inclusionary-housing mandate which is required with respect to the Martha project by the Marin Countywide Plan or any County ordinance, code, or regulation shall be assumed by the County itself, and Martha shall have no additional obligation whatsoever, whether for the donation of land or otherwise, with respect to affordable or inclusionary housing.

4e.　　Conduct of Hearings.  Public hearings on the 2007 Application shall be held before the Marin County Board of Supervisors except for a one-day advisory hearing before the Marin County Planning Commission.

4f.　　Prompt Action on Final Map.  The County shall promptly review and process Martha's proposed Final Map and approve the Final Map on the first legally permissible date following approval of the Tentative Map.  The filing of a legal challenge by third parties to County action shall not constitute grounds for refusal to process, approve and record the Final Map.  Moreover, the County shall not use any County custom, policy, or procedure which is not mandated by state law to deny or delay approval and recordation of the Final Map.

5.　　Payment of Processing Costs.  Martha shall pay all of the ordinary, customary, and reasonable costs of processing its 2007 Application which are typically and ordinarily paid to third-party contractors during the processing of a development application (including, without limitation, the fees, costs, and expenses charged by environmental impact report consultants) up to a maximum of $250,000, with the County and Martha to each pay half of any amount in excess of that number, provided, however, that each party shall pay half the cost of the contract planner who has been hired by the County to process the 2007 Application as an agent of the County ("Contract Planner").  In addition, Martha shall reimburse the County for the Staff time and out-of-pocket expenses involved in its ministerial/secretarial support of the Contract Planner, such as legally-required mailings and publications.  The County shall apply the processing fee previously

- 4 -

[PROPOSED] JUDGMENT

paid by Martha in conjunction with the 2005 Application towards the costs of such ministerial/secretarial support and shall reimburse Martha for any amounts remaining after completion of processing.  The County shall waive all other fees and costs which it would otherwise collect with respect to its own internal costs of processing the 2007 Application (including, without limitation, the County's customary 33% add-on to the cost of the environmental impact report, as well as any other increment collected by the County based on the cost of an outside consultant).

6.     Effect of Subsequent Events.

6a.     Defense of Approvals.   Should litigation be commenced to overturn County certification of the environmental impact report for this project or to overturn County approval of development, or to otherwise interfere with any permit or entitlement which the County has granted to Martha, then the County shall take all action necessary under state law to defend such certification, approval, permit or entitlement.  This requirement shall be satisfied by the County's appearance on all pleadings, motions, and other papers as appropriate to defend such certification, approvals, permits or entitlements.  Except as required by the foregoing sentence, the County is not required to expend additional County time or money in this effort.  Each party shall bear its own fees and costs in such defense, except that if fees and/or costs are awarded to any petitioners/plaintiffs in such litigation, then Martha and the County shall each bear half of the fees and costs awarded.

6b.     Sanitary District Annexation.  Should the Martha Property not be annexed for any reason into the local Sanitary District, the County will not oppose Martha's application for an out-of-district service agreement with the local Sanitary District.  Should such agreement not be available for any reason, the County shall process an application for a sewer or septic system on the Property which will serve only the Property.  If, after processing, the County is unable, based on sound scientific evidence or other reasons, to approve such application for a sewer or septic system serving only the Property, the parties shall jointly petition this Court for an independent, *de novo* review of and decision concerning the County's determination and for binding instructions as to how best to fulfill the letter and spirit of the 1976 Judgment and this

[PROPOSED] JUDGMENT

1376449.1

1   Judgment.

2           6c.     <u>Attempt to Annex Prior to Final Map</u>. The parties have expressed their

3   intent that, in order to implement the 1976 Judgment, the Town of Tiburon, which was not a party

4   to that judgment, should not annex the Martha property until after a Final Map is recorded.

5   Should Tiburon, for any reason whatsoever including without limitation for the purpose of

6   defeating Martha's rights under federal Judgments, commence proceedings which could lead to

7   annexation the Martha Property prior to recordation of a Final Map, the County has agreed not to

8   oppose or otherwise interfere in Martha's effort to obtain appropriate relief from this Court.  In

9   such event, the County shall continue to carry out all of its obligations hereunder, including

10  without limitation the obligations set forth in  ¶ 4f above.  If Tiburon succeeds in annexing the

11  Martha Property prior to recordation of a Final Map, the parties shall petition this Court for

12  binding instructions as to how best fulfill the letter and spirit of the 1976 Judgment and this

13  Judgment.

14          7.      <u>Common Sense Interpretation</u>.  The 1976 Judgment as well as the Stipulation for

15  Entry of Judgment and this Judgment constitute binding contracts.  As such, the parties are

16  required to exercise good faith to implement the letter and intent of these documents.  The parties

17  shall refrain from any conduct which has the purpose or effect of defeating the parties' respective

18  rights hereunder.  It is impossible to set forth every contingency which might interfere with the

19  accomplishment of the intent expressed by the parties in entering into these stipulations; therefore

20  these documents shall be interpreted in a common-sense manner that gives effect to their intent.

21          8.      <u>Term</u>.  This Judgment, and all rights and obligations hereunder, shall not be for a

22  term of years, but instead shall run coterminous with the 1976 Judgment, which is to say it shall

23  run with the land and shall bind and benefit the parties hereto, their heirs, successors, and assigns.

24          9.      <u>Severability</u>.  Should any portion of the Stipulation for Entry of Judgment or this

25  Judgment be invalidated by a court of competent jurisdiction, then the remainder of the

26  Stipulation for Entry of Judgment and this Judgment shall nevertheless be implemented.  The

27  invalidation of any or all portions of the Stipulation for Entry of Judgment or this Judgment  shall

28  in no way affect the continuing validity and enforceability of the 1976 Judgment.

[PROPOSED] JUDGMENT

1376449.1

1          10.    Martha and the County have each waived findings of fact, conclusions of law,

2    notice of entry of judgment, and any and all rights of appeal.  Each party shall assume its own

3    costs and attorney fees.

4

5          IT IS SO ADJUDGED, DECREED AND ORDERED.

6

7

8    Date:  11/7/07

9

10   _____

11   SAUNDRA B. ARMSTRONG
     United States District Court Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] JUDGMENT                                                          1376449.1